UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TEDDY MOORE,

                Plaintiff,

      -against-

T-MOBILE USA, INC.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

14 Civ. 7724 (GBD) (AJP)

GEORGE B. DANIELS, United States District Judge:

    Defendant T-Mobile USA, Inc. ("T-Mobile") removed this case from the New York County Supreme Court where pro se Teddy Moore ("Plaintiff") filed a claim to vacate an arbitration award on the grounds that he did not agree to arbitrate his claims against T-Mobile pursuant to his service agreement with T-Mobile. In Magistrate Judge Andrew J. Peck's Report and Recommendation ("Report"), he recommends that this Court grant T-Mobile's cross-petition to confirm the arbitration award, and enjoin Plaintiff from filing future claims relating to the arbitration award without the Court's permission. See Report at 1, ECF No. 23. Magistrate Judge Peck also recommends imposing monetary sanctions against Plaintiff in the amount of $10,000 for violations under Federal Rule of Civil Procedure 11.

    The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. See 28 U.S.C. § 636(b)(1)(C) (2012). When parties object to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id. The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675 (1980). Rather, it is sufficient that the Court

"'arrive at its own, independent conclusion'" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985).

Magistrate Judge Peck advised the parties that pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) failure to file objections to the Report within fourteen days would result in their waiver and preclude appellate review. See Report at 16. Plaintiff filed timely objections on October 31, 2014. See Pl.'s Objections, ECF No. 24. T-Mobile subsequently responded to Plaintiff's objections. ECF No. 25.

The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). Nevertheless, "even a *pro se* party's objections . . . must be specific and clearly aimed at particular findings" in the Report. Pinkney v. Progressive Home Health Servs., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

This Court adopts that part of the Report recommending confirmation of the arbitration award and the issuance of an order to enjoin Plaintiff from filing future claims relating to the arbitration. However, this Court declines to impose at this time sanctions for Rule 11 violations in the amount of $10,000. It is hereby ORDERED that any new federal or state lawsuits filed by Plaintiff arising from or related to his prior claims against T-Mobile shall be a violation of this Court's order and will automatically result in the imposition of the recommended sanction in the amount of $10,000.

Magistrate Judge Peck correctly recommends confirming the arbitration award in this matter. Under Section 9 of the Federal Arbitration Act ("FAA"), any party to an arbitration may apply to a federal court for confirmation of an award at any time within one year after the award.

2

See 9 U.S.C. § 9.[1] Magistrate Judge Peck correctly stated that "'confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]'" Report at 4 (citing D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006)). An arbitration award should be enforced "if there is 'a *barely colorable justification* for the outcome reached.'" Report at 5 (quoting Matthew v. Papua New Guinea, 398 F. App'x 646, 648 (2d Cir. 2010) (internal quotation marks omitted)).

Plaintiff objects to confirmation of the arbitration award, arguing that the Report does not address the issue of whether there is a valid agreement to arbitrate. Pl.'s Objections ¶ 2–3. Plaintiff also argues that this Court lacks subject-matter jurisdiction over this case, and that the Report is biased. Id. ¶ 1–3. Magistrate Judge Peck correctly rejected Plaintiff's attempt to relitigate this claim. In a prior action brought by Plaintiff, United States District Judge Sandra L. Townes of the Eastern District of New York held that Plaintiff was contractually obligated to arbitrate his claims against T-Mobile. See Moore v. T-Mobile USA, No. 10-CV-527, 2013 WL 55799, at *3 (E.D.N.Y. Jan. 2, 2013)). The Second Circuit Court of Appeals affirmed that decision. See Moore v. T-Mobile USA, Inc., 548 F. App'x 686, 686–87 (2d Cir. 2013), cert. denied, 134 S. Ct. 1348 (2014). Magistrate Judge Peck also correctly rejected Plaintiff's argument that this Court lacks subject-matter jurisdiction. T-Mobile has adequately demonstrated subject-matter jurisdiction on diversity grounds.[2] See Report at 11 n.11. Additionally, Plaintiff's objection that the Report is biased is frivolous. Plaintiff has not, and cannot, provide any evidence of bias.

---

[1] The arbitration award was rendered on August 7, 2014, dismissing all claims against T-Mobile. See Notice of Removal, Ex. 3; ECF No. 1.

[2] Magistrate Judge Peck correctly found that complete diversity exists in this case. See 28 U.S.C. § 1332(a), (c)(1). Plaintiff is a citizen of New York, and T-Mobile is a corporation with dual citizenship in Delaware and Washington State. See Notice of Removal ¶ 8. Plaintiff has raised this jurisdictional issue already in the Eastern District of New

Magistrate Judge Peck also correctly recommends enjoining Plaintiff with a court order from filing future claims related to the arbitration proceeding against T-Mobile.[3] Report at 14–15. A court order enjoining Plaintiff is necessary to prevent further waste of judicial resources.

However, this Court does not impose financial sanctions against Plaintiff at this time. Although Magistrate Judge Peck's recommendation is well-founded and supported, Plaintiff states that he presently lives in a homeless shelter. Pl.'s Objections ¶ 11. This Court is concerned that monetary sanctions in the amount of $10,000 may function more as a hardship for Plaintiff and not a deterrent as intended. A court order enjoining Plaintiff from filing future claims relating to the arbitration should suffice. However, if Plaintiff fails to obey the Court's order, monetary sanctions will be imposed.

---

York before Magistrate Judge Cheryl L. Pollack and Judge Townes. See Moore v. T-Mobile USA, Inc., No. 10 CV 527, 2010 WL 5817656, at *2–3 (E.D.N.Y. Nov. 8, 2010); T-Mobile's Ltr. at 3.

[3] The Second Circuit has articulated the following factors to determine whether restricting future litigation is appropriate: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation. . . ; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." Safir v. United States Lines, 10 Civ. 792 F.2d 19, 24 (2d Cir. 1986); accord Naughright v. Weiss, No. 10 Civ. 8451, 2013 WL 1859221, at *2 (S.D.N.Y. May 2, 2013).

## CONCLUSION

T-Mobile's Cross-Petition to Confirm the Arbitration Award is GRANTED. Plaintiff's Petition to Vacate the Arbitration Award is DENIED.

The Clerk of Court is directed to close this case.

Dated: New York, New York
       February 2, 2015

FEB 03 2015

SO ORDERED.

*George B. Daniel*
GEORGE B. DANIELS
United States District Judge

5